UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**PAULSEN**                                                           **CIVIL ACTION**

**VERSUS**                                                            **No. 06-9546**

**STATE FARM INSURANCE CO.,** *et al.*                                **SECTION:  I/1**


**ORDER**

Before the Court is the motion to dismiss for failure to state a claim upon which relief can be granted and motion for more definite statement filed on behalf of defendant, Eberl's Claim Service, Inc. ("Eberl's").  Plaintiff sued Eberl's in connection with his lawsuit seeking compensation for damage to his property caused by Hurricane Katrina.  Eberl's is a claims adjusting service contracted by co-defendant, State Farm Fire and Casualty Company.[1]  The Court recently addressed a similar motion by co-defendant Denson Engineers, Inc. ("Denson"), another claims adjusting company; the Court dismissed plaintiff's claims against Denson, finding that plaintiff had failed to demonstrate a cause of action against Denson sounding in either contract or tort.[2]  Eberl's motion argues that plaintiff's claims against it fail because of the

---

[1] Rec. Doc. No. 24-2, p. 2.

[2] Several courts in this district have analyzed La. Rev. Stat. §§ 22:658 and 22:1220 and determined that, generally, these statutes do not provide remedies against insurance adjusters.  *See, e.g.*, *Levy v. Axis Surplus Ins. Co.*, No. 06-5731, 2007 U.S. Dist. LEXIS 532, at *4 (E.D. La. Jan. 4, 2007) (Fallon, J.); *Rosinia v. Lexington Ins. Co.*, No. 06-6315, 2006 U.S. Dist. LEXIS 79311, at *4 (E.D. La. Oct. 31, 2006) (Barbier, J.); *Edwards v. Allstate Prop. & Cas. Co.*, No. 04-2434, 2005 U.S. Dist. LEXIS 1291, at *3 (E.D. La. Jan. 27, 2005) (Duval, J.); *Motin v. Travelers Ins. Co.*, No. 03-2487, 2003 U.S. Dist. LEXIS 20037, at *11 (E.D. La. Nov. 3, 2003) (Berrigan, C.J.).  Courts do, however, recognize that an adjuster may owe a tort duty to an insured when an adjuster has undertaken such duty.  *See Edwards*, 2005 U.S. Dist. LEXIS 1291, at *3 ("[A]n adjuster under certain circumstances can be liable for a tort, specifically fraud."); *see also Motin*, 2003 U.S. Dist. LEXIS 20037, at *12-16; *Alarcon v. Aetna Cas. & Sur. Co.*,

same defects. Plaintiff admits that "[c]ourts have said that the agency-adjusters are not responsible for . . . damages in the normal course [of] adjusting such claims" and that he "has found no case law that would contradict the initial findings of these Courts."[3]

The Court finds that plaintiff's claims against Eberl's are identical to those previously dismissed against Denson. The Court sees no need to reiterate its findings and adopts the reasoning from its previous order as though fully written herein.[4]

Accordingly,

**IT IS ORDERED** that the motion to dismiss for failure to state a claim upon which relief can be granted filed on behalf of Eberl's Claim Service, Inc.[5] is **GRANTED**, and Eberl's Claim Service, Inc. is **DISMISSED** as a party to this action.

New Orleans, Louisiana, May   31st  , 2007.

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

---

538 So.2d 696, 699 (La. Ct. App. 5th Cir. 1989) ("[U]nder some circumstances a tort duty may exist in the settlement of an insurance claim.").

[3] Rec. Doc. No. 29, p. 2.

[4] *See* Rec. Doc. No. 28.

[5] Rec. Doc. No. 24.