UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ERIC A. PAULSEN** | **CIVIL ACTION** |
| **VERSUS** | **No. 06-9546** |
| **STATE FARM INSURANCE COMPANY,** *et al.* | **SECTION:  I/1** |

## ORDER AND REASONS

Before the Court is a motion for partial summary judgment filed on behalf of defendant, State Farm Fire and Casualty Company ("State Farm"), in its capacity as plaintiff's homeowner's policy insurer to exclude any claims made by plaintiff for attorney's fees and a fifty-percent penalty pursuant to La. Rev. Stat. Ann. §§ 22:658 and 22:1220.[1]  For the following reasons, the motion is **GRANTED**.

### *BACKGROUND*

Plaintiff, Eric A. Paulsen ("Paulsen"), owns two properties that were damaged when Hurricane Katrina made landfall in the New Orleans area on August 29, 2005.[2]  One property is

---

[1] R. Doc. No. 97.

[2] R. Doc. No. 4-2, state ct. pet. ¶¶ 1, 18; R. Doc. No. 102-3, mem. opp'n to mot. summ. j., Paulsen aff. ¶¶ 2-3.

located in Slidell, Louisiana ("Slidell property"); the other property is located in New Orleans, Louisiana ("New Orleans property").[3] During the relevant time period, Paulsen held a homeowner's insurance policy with State Farm.[4]

Paulsen filed this lawsuit in state court on August 28, 2006, bringing claims against State Farm pursuant to La. Rev. Stat. Ann. §§ 22:658 and 1220(A) for breach of its duty to advise and inform him regarding coverage, breach of contract, unjust enrichment, and abuse of his rights.[5] Paulsen further alleged negligent misrepresentation and fraud pursuant to La. Civil Code Ann. article 1953, unfair trade practices, and general negligence in violation of La. Civil Code Ann. articles 2315 and 2316.[6] State Farm removed Paulsen's action to this Court on November 3, 2006.[7]

*LAW AND ANALYSIS*

**I.   Standard of Law**

Summary judgment is proper when, after reviewing "the pleadings, the discovery and

---

[3] Pet. ¶ 14; Paulsen aff. ¶¶ 2-3.

[4] Pet. ¶ 14; R. Doc. No. 97-5, partial mot. summ. j., ex. A-1, Slidell property homeowner's policy renewal certificate; R. Doc. No. 97-5, ex. B-1, New Orleans property homeowner's policy renewal certificate.

[5] Pet. ¶¶ 46-58, 72-82. Paulsen originally sued, in addition to State Farm, Carl Johnson, State Farm 3200 Ridgelake Agency, Denson Engineering, and Eberl Claims Service, Inc. *Id.* ¶ 1. However, all defendants but State Farm have previously been dismissed from this matter. *See* R. Doc. No. 42, minute entry of June 19, 2007 (dismissing Carl Johnson as a defendant); R. Doc. No. 129, order of Jan. 17, 2008 (dismissing Randy Juge, improperly named as State Farm 3200 Ridgelake Agency); R. Doc. No. 28, order of May 22, 2007 (dismissing Denson Engineering); R. Doc. No. 31, order of May 31, 2007 (dismissing Eberl Claims Service, Inc.).

[6] Pet. ¶¶ 59-71.

[7] R. Doc. No. 1, notice of removal.

disclosure materials on file, and any affidavits," the court determines there is no genuine issue of material fact. Fed. R. Civ. P. 56(c).[8] The party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 266, 274 (1986). The party seeking summary judgment need not produce evidence negating the existence of material fact, but need only point out the absence of evidence supporting the other party's case. *Celotex*, 477 U.S. at 323, 106 S. Ct. at 2553, 91 L. Ed. 2d at 274; *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195 (5th Cir. 1986).

Once the party seeking summary judgment carries its burden pursuant to Rule 56(c), the other party must come forward with specific facts showing that there is a genuine issue of material fact for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538, 552 (1986). The showing of a genuine issue is not satisfied by creating "'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). Instead, a genuine issue of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202, 211-12 (1986). The party responding to the motion for summary judgment may not rest upon the pleadings but must identify specific facts that establish a genuine issue. *Id.* The

---

[8] The *Federal Rules of Civil Procedure*, including Rule 56, were amended on December 1, 2007, in order to make the rules "more easily understood and to make style and terminology consistent throughout." Fed. R. Civ. P. 56 advisory committee's note (2007 Amendment). The changes "are intended to be stylistic only," rather than substantive. *Id.*

nonmoving party's evidence, however, "is to be believed, and all justifiable inferences are to be drawn in [the nonmoving party's] favor." *Id.* at 255, 106 S. Ct. at 2513, 91 L. Ed. 2d at 216; *see Hunt v. Cromartie*, 526 U.S. 541, 552, 119 S. Ct. 1545, 1551-52, 143 L. Ed. 2d 731, 741 (1999).

**II.    Discussion**

*A.     Louisiana Revised Statute § 22:658*

State Farm seeks, in this motion for partial summary judgment, to exclude any claims made by Paulsen for attorney's fees and a fifty-percent penalty pursuant to § 22:658.[9] Section 22:658, as amended and as previously enacted, provides a penalty for bad faith failure to timely pay a claim.[10] In June 2006, the Louisiana Legislature passed an amendment that increased the penalty recoverable under that section from twenty-five percent to fifty percent of the amount claimant is owed and it reinstated a provision for reasonable attorney's fees and costs. *See* 2006 La. Acts No. 813 § 1. These changes went into effect on August 15, 2006, and are not applied retroactively. *See, e.g.*, *Ferguson v. State Farm Ins. Co.*, Civil Action No. 06-3936, 2007 WL 1378507, at *3 (E.D. La. May 9, 2007) (Berrigan, C.J.) (*citing Lewis v. State Farm Ins. Co.*, 946 So. 2d 708, 728-29 (La. Ct. App. 2006)); *Weiss v. Allstate Ins. Co.*, Civil Action No. 06-3774,

---

[9] R. Doc. No. 97-3, mem. supp. at 2-3.

[10] Section 22:658(B)(1) provides in pertinent part:
> Failure to make such payment within thirty days after receipt of such satisfactory written proofs and demand therefor or failure to make a written offer to settle any property damage claim, including a third-party claim, within thirty days after receipt of satisfactory proof of loss of that claim . . . or failure to make such payment within thirty days after written agreement or settlement . . . , when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, in addition to the amount of loss . . . .

2007 WL 1017341, at *3 (E.D. La. Mar. 28, 2007) (Vance, J.).

"The law in effect at the time appellants' cause of action arose is the law which is applied to their case." *McDuffie v. ACandS, Inc.*, 781 So. 2d 623, 625 (La. Ct. App. 2001), *quoted in Aronson v. State Farm Fire & Cas, Co.*, 969 So. 2d 671, 681 (La. Ct. App. 2007). "[A]n insured's right to a penalty under § 658 comes into existence only after the insurer fails to pay a claim within thirty (30) days of receiving satisfactory proof of loss." *Madere v. State Farm Fire & Cas. Co.*, Civil Action No. 06-2889, 2007 WL 1655553, at *2 (E.D. La. June 5, 2007) (Duval, J.).

Further, State Farm's failure to pay is not a continuing obligation that exposes it to liability pursuant to the amended version of § 22:658; rather, the cause of action and, therefore, an insured's right to recover, comes into existence when and if the insurer fails to pay thirty days after receiving satisfactory proof of loss. *See Aronson*, 969 So. 2d at 681 ("Even though [the defendant's] failure to pay the [plaintiffs'] claims extended beyond the effective date of the 2006 amendments to [§ 22:658], their cause of action arose prior to the effective date."); *McKenney v. Allstate Ins. Co.*, Civil Action No. 06-2882, 2007 WL 1139601, at *1 (E.D. La. Apr. 16, 2007) (Berrigan, C.J.) (holding that the argument that Allstate's continuous violations and unreasonable denial of the claim exposed Allstate to liability pursuant to the amended version of § 22:658 was without merit).[11]

---

[11] Paulsen contends that "[s]everal courts have held in related Katrina cases, that policy holders can recover under the amended statute, finding that when the insurer's bad faith conduct continues after 15 August 2006, the plaintiffs are allowed to recover under the amended statute, not the statute in effect prior to 15 August 2006." Mem. opp'n at 6-7 (*citing Evans v. Lafayette Ins. Co.*, Civil Action No. 06-6783, 2007 WL 4365386, at *2 (E.D. La. Dec. 11, 2007) (Lemmon, J.); *Conlee v. Fireman's Fund Ins. Co.*, Civil Action No. 07-660, 2007 WL 2071860, at *3 (E.D. La. July 17, 2007) (Barbier, J.); *Kodrin v. State Farm Fire Ins. Co.*, Civil Action No. 06-8180, 2007 WL 4163437, at *1 (E.D. La. Nov. 21, 2007) (Barbier, J.)). The cases cited by Paulsen do not apply § 22:658 retroactively, but do hold that if bad faith continues after the date the amendment became effective, the new version applies. Several of our sister courts have held differently, however. *See, e.g.*, *Marketfare Annunciation, LLC v.*

The Court finds that, in the event State Farm in its capacity as homeowner's insurer breached its duty pursuant to § 22:658, the latest date it may have received satisfactory proof of loss was on or about February 22, 2006,[12] with respect to the Slidell property and on or about

---

*United Fire & Cas. Co.*, Civil Action Nos. 06-7232, 06-7639, 06-7641, 06-7643, 06-7644, 2007 WL 4144944, at *3-4 (E.D. La. Nov. 20, 2007) (Porteous, J.); *Empire Inn, LLC v. State Farm Fire & Cas. Co.*, No. 06-4939, 2007 WL 2751203, at *4 (E.D. La. Sept. 18, 2007) (Zainey, J.); *Broussard v. State Farm Fire & Cas. Co.*, 2007 WL 2264535, at * 7 (E.D. La. Aug. 2, 2007) (Vance, J.); *Leali v. Certain Underwriters at Lloyd's, London*, Civil Action No. 06-5030, 2007 WL 1975634, at *1 n.1 (E.D. La. July 3, 2007) (Fallon, J.); *Madere*, 2007 WL 1655553, at *2 (Duval, J.); *McKenney*, 2007 WL 1139601, at *1 (Berrigan, C.J.). The Court does not agree with the analysis of *Manuel v. La. Sheriff's Risk Mgmt. Fund*, 664 So. 2d 81, 87 (La. 1995), in *Conlee*, 2007 WL 2071860. The *Conlee* court utilizes *Manuel* as support for its decision that the revised version of § 22:658 should apply when the defendant's breach continues after the amendment's effective date. However, *Manuel* stands for the proposition that when the breach, in that case the failure to pay within thirty days of a settlement, occurs after the effective date of an amendment, the fact that the insurance policy was entered into and the accident occurred before the enactment date was irrelevant. *Manuel*, 664 So. 2d at 87. Similarly, it is the date on which a defendant breaches the duty to timely pay a claim after receiving satisfactory proof of loss that is determinative.

In addition, the Court should look to the decisions of Louisiana's appellate courts in applying Louisiana law, even though it is not strictly bound by their decisions. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 206 (5th Cir. 2007) ("[A]lthough we will not disregard the decisions of Louisiana's intermediate courts unless we are convinced that the Louisiana Supreme Court would decide otherwise, we are not strictly bound by them."). The Louisiana courts have consistently held that the amended version of § 22:658 does not apply to continuous conduct, *i.e.*, conduct that occurred after the cause of action arose. *See, e.g.*, *Aronson*, 969 So. 2d at 681 (*quoting Geraci v. Byrne*, 934 So. 2d 263, 267 (La. Ct. App. 2006)); *Sher v. Lafeyette Ins. Co.*, No. 2007-CA-0757, 2007 WL 4247708, at *17-18 (La. Ct. App. 2007).

Finally, the Louisiana Supreme Court has noted that "the conduct prohibited [by La. Rev. Stat. Ann. § 22:658 and § 22:1220] is virtually identical, i.e., failure to timely pay a claim after receiving satisfactory proof of loss when that failure to pay is arbitrary, capricious or without probable cause. The primary difference is that under [§ 22:658(A)(1)] the insurer must pay the claim within 30 days of receiving satisfactory proof of loss, rather than the longer 60-day period allowed under [22:1220(B)(5)]." *Calogero v. Safeway Ins. Co. of La.*, 753 So. 2d 170, 174 (La. 2000). Several cases have held that § 22:1220 does not impose a continuing duty; because these two sections prohibit "virtually identical" conduct, by analogy it is reasonable that § 22:658 would also not impose a continuing duty for purposes of determining which version of § 22:658 should apply. *See, e.g.*, *Rusch v. Cook*, 619 So. 2d 122, 124-25 (La. Ct. App. 1993) (holding that § 22:1220, which was enacted in 1990, did not apply to a claim because the cause of action, *i.e.*, the car accident, occurred before the enactment and the defendant did not have a continuing duty); *Fed. Ins. Co. v. St. Paul Fire & Marine Ins. Co.*, 634 So. 2d 40, 43 (La. Ct. App. 1994) (same); *Kieffer v. State Farm Mut. Auto. Co.*, No. CIV. A. 95-2674, 1999 WL 147673, at * 7(E.D. La. Mar. 11, 1999) ("The fact that any alleged bad faith may have continued past the effective date of [§ 22:1220] is not enough to make the statute applicable. When the underlying accident occurred before the effective date of [§ 22:1220], the only situation in which it can possible apply is when the alleged bad faith occurred after the effective date of the statute, such as when a settlement is reached and not funded within thirty days." (citation omitted)).

[12] This is the date State Farm, according to its memorandum, received the report of Paulsen's consulting engineer, Ronald Cressy ("Cressy"), and the McCarthy Construction estimate. Mem. supp. at 2. Paulsen contends that initial proof of loss was provided to State Farm on the Slidell property two years before receiving a check on December 18, 2007, *i.e.*, in December of 2005. R. Doc. No. 103, mem. opp'n ¶ 1. However, this contention places Paulsen in a worse position than the February 22, 2006, date found by the Court because it is further away from the date that § 22:658 went into effect.

May 19, 2006,[13] with respect to the New Orleans property.[14]  Therefore, State Farm's breach, *i.e.*, its failure to pay, would have been, at the latest, March 21, 2006, with respect to the Slidell property and June 18, 2006, with respect to the New Orleans property, which is thirty days after State Farm's receipt of adequate proof of loss.  *See, e.g.*, *Weiss*, 2007 WL 1017341, at *3 (holding that the amendment did not apply because the last date the defendant received adequate proof of loss was May 16, 2006, and, therefore, the defendant's breach was no later than June 15, 2006).  Therefore, because March 21, 2006, and June 18, 2006, are before the date the amendment providing for attorney's fees and a fifty-percent penalty went into effect, Paulsen's recovery pursuant to § 22:658 is limited to a twenty-five-percent penalty.

---

[13] This is the date Cressy completed a structural damage report on the New Orleans property.  R. Doc. No. 95-7, mot. *in limine*, ex. 3, Cressy New Orleans property report.  Paulsen again alleges that State Farm received information regarding damages to the New Orleans property two years ago.  Mem. opp'n ¶ 3.  This contention again places Paulsen in a worse position as it is further away from the date that the amended version of § 22:658 came into effect.

[14] Paulsen contends that because he received a check from State Farm on December 18, 2007, which is after the amendment's effective date, the new penalty and attorney's fees are recoverable by him.  Mem. opp'n at 1-8.  However, State Farm's breach, if any, occurred when it failed to pay thirty days after receiving satisfactory proof of loss, not on any date Paulsen received payment.  *See, e.g.*, *Madere*, 2007 WL 1655553, at *2 ("The critical factor in determining the applicability of the amendment to § 658 is . . . whether the thirty day period within which [the defendant] had to pay the claim, trigger[ed] by its receipt of a 'satisfactory proof of loss,' expired on or after August 15, 2006.").  Paulsen provides the Court with no evidence of satisfactory proof of loss being submitted to State Farm after August 15, 2006, the amendment's effective date.
    The Court need not decide whether the relevant date for the purpose of determining whether the amended version of § 22: 658 applies is the earliest date that Paulsen submitted his proof of loss, as State Farm contends.  *See* R. Doc. No. 118, reply mem. in supp. at 2-3.  The evidence presented shows that the *latest* date State Farm received satisfactory proof of loss was before the amendments to § 22:658 came into effect; obviously, then, the earliest date Paulsen submitted proof of loss was before the effective date of the new version of § 22:658.

B.     *Louisiana Revised Statute § 22:1220*

Section 22:1220 does not provide compensation for attorney's fees.[15]  *See, e.g.*, *Calogero v. Safeway Ins. Co. of La.*, 753 So. 2d 170, 174 (La. 2000).  Therefore, any claim made by Paulsen for attorney's fees pursuant to this section should be dismissed.

Accordingly,

**IT IS ORDERED** that the motion for partial summary judgment filed by defendant, State Farm Fire and Casualty Company,[16] in its capacity as plaintiff's homeowner's insurer is **GRANTED**.  Plaintiff's claims against State Farm for attorney's fees pursuant to La. Rev. Stat. Ann. §§ 22:658 and 22:1220 are **DISMISSED WITH PREJUDICE**.  Further, plaintiff's claim against State Farm for a fifty-percent penalty pursuant to La. Rev. Stat. Ann. § 22:658 is **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, January  29th , 2008.

LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

---

[15] Section 1220 provides in pertinent part:
   A. An insurer . . . owes to his insured a duty of good faith and fair dealing. The insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both. Any insurer who breaches these duties shall be liable for any damages sustained as a result of the breach.
      . . . .
   C. In addition to any general or special damages to which a claimant is entitled for breach of the imposed duty, the claimant may be awarded penalties assessed against the insurer in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater.

[16] R. Doc. No. 97.