**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **ERIC PAULSEN** | **CIVIL ACTION** |
| **VERSUS** | **NO:  06-9546-LMA-SS** |
| **STATE FARM INSURANCE COMPANY, et al** | |

**ORDER**

STATE FARM'S MOTION TO STRIKE (Rec. doc. 133)

**GRANTED IN PART AND DENIED IN PART**

Before the undersigned is a motion of the defendant, State Farm Fire and Casualty Company ("State Farm"), in its capacity as insurer for plaintiff, Eric Paulsen ("Paulsen"), on policies of insurance providing flood and homeowner's coverage on two properties: one in New Orleans; and the other in Slidell.  It seeks an order striking allegations of fraud regarding its counsel, Adrienne Baumgartner, and its representative, Michael DeJardins.  It contends that statements made by Paulsen's counsel, Daniel Abel, in Paulsen's "memorandum in support of motion for leave to supplement self-admitted evidence of State Farm's fraud in opposition to its motion for sanctions" (Rec. doc. 87) (the "December 24 Memorandum") should be stricken.

BACKGROUND

On December 4, 2007, State Farm filed a motion for sanctions for the alleged failure of the Paulsen to comply with the undersigned's order of November 7, 2007.  Rec. doc. 71.  The motion was set for December 12, 2007 on briefs.  Rec. doc. 75.  On December 11, 2007, Paulsen filed an opposition.  Rec. doc. 80.  Paulsen sought leave to file the December 24 Memorandum, which was granted.  Rec. docs. 87 and 92.  On December 27, 2007, State Farm's motion for sanctions was granted in part and denied in part.  Its request for sanctions against Paulsen was denied, including

its request that Paulsen's allegations of fraud in his complaint be struck.  Rulings were made on

Paulsen's responses to State Farm's written discovery.  Rec. doc. 90.

Paulsen's December 24 Memorandum states that:

> Counsel's admission of State Farm's failure to pay what it knew it had obligated itself
> to pay puts State Farm's counsel in the precarious position of becoming a witness as
> to the facts of her client's own fraud.  Matters over which the crime-fraud exception
> negates the work product privilege, which shall be addressed under separate motion.

Rec. doc. 87 at p. 2, n. 2.  Paulsen's "self-admitted evidence" was a State Farm check dated

December 18, 2007 payable to Eric Paulsen, Daniel G. Abel, and a bank in the amount of $5,647.62.

Paulsen alleged that, in transmitting the check, Ms. Baumgartner admitted that State Farm failed to

pay him for the damages to his roof more than two years after its initial adjustment of his claim on

the Slidell property. He acknowledged that Ms. Baumgartner explained that the additional payment

was made after State Farm reviewed its documents and realized that it had not paid for certain

roofing panels.  Rec. doc. 87 at pp. 1-2.  He described the alleged admissions by Ms. Baumgartner

as "just the beginning" and contended that Mr. DesJardins approved the payment, signed the check

and hand-delivered it.  Rec. doc. 87 at p. 3.

State Farm contends that: (1) in preparation for his deposition in December, 2007, an adjuster

found errors in his calculation of the wind damage for the Slidell property; (2) an additional payment

of $5,647.62 was appropriate; (3) State Farm made the decision to disclose the calculation error and

tender the payment; (4) Ms. Baumgartner transmitted the check to Mr. Abel with an explanation for

the calculation error and where he could find the error in the adjustment of the claim.  State Farm

reports that Mr. DesJardins did not make the determination or decision regarding the additional

tender, but he did sign the check.  Paulsen responds that he can present facts to substantiate his

allegations of fraud.

APPLICABLE LAW

Pursuant to Fed. R. Civ. P. 12(f), the court may may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.  Paulsen argues that his claim of fraud is justified.  State Farm has placed at issue the sufficiency of Paulsen's allegations of fraud made against Ms. Baumgartner and Mr. DesJardins in the December 24th Memorandum.  Rather than consider the issue under Rule 12(f), it will be considered as though State Farm is opposing an attempt by Paulsen to amend his complaint to add claims of fraud against Ms. Baumgartner and Mr. DesJardins.

A district court is properly within its discretion to deny a motion for leave to amend if the amendment is futile.  Stripling v. Jordan Production Company, L.L.C., 234 F.3d 863, 873 (5th Cir. 2000).  An amendment is futile where the amended complaint fails to state a claim upon which relief can be granted.  Id.  To determine futility, the district court should apply "the same standard of legal sufficiency as applies under Rule 12(b)(6)."  Id. (quoting Shane v. Fauver, 213 F.3d 112, 115 (3rd Cir. 2000).

> The question therefore is whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief. The court may not dismiss a complaint under Rule 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

Id. at 873 (Citations, quotation marks and brackets omitted).  Accordingly, Paulsen's allegations against Ms. Baumgartner and Mr. DesJardins will be considered under this standard.

ANALYSIS OF ALLEGATIONS

The sufficiency of Paulsen's allegations of fraud against State Farm is not the issue before the undersigned.  The issue is the sufficiency of Paulsen's allegations of fraud against Ms.

3

Baumgartner and Mr. DesJardins.  This distinction is ignored by Paulsen.  In his response to the motion to strike, he argues the merits of his claim of fraud against State Farm without providing any substance for the allegations against Ms. Baumgartner and Mr. DesJardins.  He provides no basis for the allegations that their actions were in any way improper.  The allegation that an attorney is a witness to a client's acts of fraud is a serious and, in this case, unsupported charge.[1]  The parties are in litigation.  State Farm may not communicate directly with Paulsen but rather must communicate with his counsel.  It was proper for its counsel, Ms. Baumgartner, to deliver the check, signed by Mr. DesJardins, to Mr. Abel.  It appears beyond doubt that Paulsen can prove no set of facts in support of his claim which would entitle him to relief against Ms. Baumgartner or Mr. DesJardins arising out of issuance and signature of the check.  The motion to strike will be granted entirely as to Ms. Baumgartner and will be granted as to Mr. DesJardins to the extent that Paulsen' statement in the December 24, 2007 Memorandum suggests fraud by Mr. DesJardins merely because he signed the check.

IT IS ORDERED that State Farm's motion to strike (Rec. doc. 133) is GRANTED IN PART and DENIED IN PART in accord with the terms of this order.

New Orleans, Louisiana, this 13th day of February, 2008.

_____
**SALLY SHUSHAN**
**United States Magistrate Judge**

cc: District Judge Africk

---

[1]        Paulsen's opposition cites State Farm's motion for summary judgment on the flood coverage on the New Orleans property.  This is of little value, because on February 11, 2008, the District Judge granted State Farm's motion for summary judgment on the flood policy on the New Orleans property.  Rec. doc. 151.