UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ERIC A. PAULSEN** | **CIVIL ACTION** |
| **VERSUS** | **No. 06-9546** |
| **STATE FARM INSURANCE COMPANY,** *et al.* | **SECTION: I/1** |

## ORDER AND REASONS

Before the Court is defendant's motion to strike witnesses and exhibits and defendant's motion for sanctions and attorney's fees.[1] For the following reasons, defendant's motion to strike is **GRANTED**. Defendant's motion for attorney's fees is **DENIED**.

### *BACKGROUND*

Plaintiff, Eric A. Paulsen ("Paulsen"), originally filed this lawsuit in state court on August 28, 2006.[2] State Farm Fire and Casualty Company ("State Farm") removed Paulsen's

---

[1] R. Doc. No. 106.

[2] R. Doc. No. 4-2, state ct. pet. Paulsen originally sued, in addition to State Farm, Carl Johnson, State Farm 3200 Ridgelake Agency, Denson Engineering, and Eberl Claims Service, Inc. *Id.* ¶ 1. However, all defendants but State Farm have previously been dismissed from this matter. *See* R. Doc. No. 42, minute entry of June 19, 2007 (dismissing Carl Johnson as a defendant); R. Doc. No. 129, order of Jan. 17, 2008 (dismissing Randy Juge, improperly named as State Farm 3200 Ridgelake Agency); R. Doc. No. 28, order of May 22, 2007 (dismissing Denson Engineering); R. Doc. No. 31, order of May 31, 2007 (dismissing Eberl Claims Service, Inc.).

1

action to this Court on November 3, 2006.[3] On May 15, 2007, a scheduling conference was held; an order was issued by the Court following the conference that set forth discovery and other deadlines to be adhered to by the parties.[4] According to the order, initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1)[5] were to be exchanged no later than May 31, 2007.[6] Witness and exhibit lists were to be filed into the record and served upon each party no later than December 10, 2007; depositions for trial use and discovery were to be completed no later than December 24, 2007.[7]

On May 21, 2007, State Farm served interrogatories on and requested documents from Paulsen in accordance with Rules 33 and 34.[8] During a June 19, 2007, status conference, Paulsen was ordered by the Court to provide to State Farm, no later than June 26, 2007, all documents supporting his claims for damages on both properties.[9] Paulsen did not respond to the interrogatories or produce any documents.[10] On November 7, 2007, in response to State Farm's motion to compel responses to its interrogatories and production of documents as required by

---

[3] R. Doc. No. 1, notice of removal. On June 13, 2007, Paulsen amended his complaint to include further claims. R. Doc. No. 39, am. compl. The facts underlying this lawsuit have been previously set forth in full by the Court.

[4] R. Doc. No. 27, scheduling order.

[5] The *Federal Rules of Civil Procedure* were amended on December 1, 2007, in order to make the rules "more easily understood and to make style and terminology consistent throughout." Fed. R. Civ. P. advisory committee's note (2007 Amendment). The changes "are intended to be stylistic only," rather than substantive. *Id.*

[6] *Id.* at 2.

[7] *Id.*

[8] R. Doc. Nos. 71-4, 71-5, 71-6, 71-7.

[9] R. Doc. No. 42, minute entry of June 19, 2007.

[10] Rules 33 and 34 state that a party is to respond to interrogatories and requests for documents within thirty days of being served. Fed. R. Civ. P. 33 & 34.

Rules 33 and 34, Paulsen was ordered to produce, no later than November 17, 2007, all outstanding discovery in accordance with Rules 33 and 34.[11] On November 26, 2007, Paulsen provided responses to the interrogatories.[12] On December 4, 2007, State Farm filed a motion for sanctions alleging that Paulsen had failed to comply with the November 7, 2007, order of Magistrate Judge Shushan.[13] On December 10, 2007, State Farm and Paulsen filed exhibit and witness lists into the record.[14] On December 24, 2007, the Magistrate Judge ordered Paulsen to supplement his responses, in accordance with her order, by January 11, 2008.[15]

On January 9, 2008, State Farm filed this motion to strike and for sanctions pursuant to Rule 37.[16] Specifically, State Farm requests that the Court strike Paulsen's witnesses and exhibits not disclosed to State Farm prior to Paulsen filing his witness and exhibit lists into the record.[17] State Farm further requests that the Court award attorney's fees and costs.[18]

Paulsen argues in opposition that, with respect to two of the recently named witnesses, Shane Gates ("Gates") and Carl Finley ("Finley"), State Farm has known and interacted with

---

[11] R. Doc. No. 61, order compelling discovery responses.

[12] R. Doc. No. 71-2, exs. 6, 7.

[13] R. Doc. No. 71, mot. for sanctions. In addition to the uncontested fact that Paulsen's responses were submitted to State Farm after the deadline imposed by the Magistrate Judge, State Farm argued that Paulsen's responses were incomplete and nonresponsive. *Id.*

[14] R. Doc. Nos. 77-79.

[15] R. Doc. No. 90, Magistrate Judge Shushan's order of December 27, 2007.

[16] R. Doc. No. 106; R. Doc. No. 71.

[17] R. Doc. No. 106-2, mem. supp. mot. to strike.

[18] R. Doc. No. 71-2, mem. supp. mot. for sanctions at 8.

3

them from the outset and, therefore, State Farm cannot be prejudiced by their addition.[19]  Paulsen argues, with respect to the recently disclosed and produced documents, that because he complied with the Court's scheduling order for filing exhibit lists and with the Magistrate Judge's order regarding State Farm's second motion to compel, the Court cannot now penalize him by striking his documents.[20]

## *LAW AND ANALYSIS*

**I.    Standards of Law**

*A.    Rules 26 and 37*

Federal Rule of Civil Procedure 26(a)(1) outlines a party's initial disclosure requirements, including the requirement that a party disclose individuals and documents that the disclosing party "may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1).[21]  Rule 26 also requires the parties to provide a

---

[19] R. Doc. No. 141, mem. opp'n at 2-3.

[20] *Id.* at 9.

[21] Rule 26(a)(1) provides in pertinent part:
> [A] party must, without awaiting a discovery request, provide to the other parties:
> (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information–along with the subjects of that information–that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;
> (ii) a copy–or a description by category and location–of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;
> (iii) a computation of each category of damages claimed by the disclosing party–who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered . . . .

"computation of each category of damages claimed" and the disclosing party must make available for inspection and copying the documents on which the computation is based. *Id.* Further, Rule 26(e) requires that "[a] party who has made a disclosure under Rule 26(a)–or who has responded to an interrogatory, request for production, or request for admission–must supplement or correct its disclosure response." Fed. R. Civ. P. 26(e)[22]; *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 764 (5th Cir. 1989).

Rule 37 provides that a party cannot use witnesses or documents "on a motion, at a hearing, or at a trial" if those witnesses or documents have not been disclosed pursuant to Rule 26(a) or (e). *Tex. A&M Res. Found. v. Magna Transp., Inc.*, 338 F.3d 394, 401-02. Rule 37 provides, in pertinent part:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, *unless the failure was substantially justified or is harmless*. In addition to or instead of this sanction, the court . . . may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Fed. R. Civ. P. 37(c)(1) (emphasis added); *Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 563 (5th Cir. 2004).

When determining whether a violation of Rule 26 is harmless or substantially justified, the district court's decision is to be guided by the consideration of four factors: "(1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose." *Tex. A&M*, 338 F.3d at 402; *United States v. $9,041,598.68*, 163

---

[22] Rule 26(e) provides that the supplemental disclosures shall be made "(A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or (B) as ordered by the court."

F.3d 238, 252 (5th Cir. 1998).

B.      *Rule 16*

"Rule 16(b) of the Federal Rules of Civil Procedure authorizes the district court to control and expedite pretrial discovery through a scheduling order."[23] *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990). District courts have broad discretion to preserve the pretrial discovery process. *Id.* In connection with that discretion, Rule 16(f) provides:

> On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a scheduling order or other pretrial order.

Fed. R. Civ. P. 16(f). The sanctions allowed by Rule 37(b)(2)(A)(ii)-(vii) include "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence" and "striking pleadings in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(ii)-(iii).

When determining whether to exclude witnesses and exhibits as a sanction for a violation of a scheduling or other pretrial order, the United States Court of Appeals for the Fifth Circuit looks to the same factors as those described with respect to Rule 37 to determine whether the district court properly exercised its discretion. *Barrett v. Atl. Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996); *Geiserman*, 893 F.2d at 791.

---

[23] The scheduling order in this court is described in Local Rule 26.3E, which states: "The scope and timing of disclosures . . . shall be as directed by the court in the order issued after the preliminary conference." Unif. Ct. R. E.D. La. R. 26.3.

## II.     Analysis

*A.     Witnesses Not Previously Disclosed to State Farm*

State Farm first contends that witnesses not previously disclosed to it pursuant to Rule 26 should be stricken from Paulsen's witness list and excluded from testifying.[24] Although Paulsen timely filed his witness list, he failed to comply with the requirements of Rule 26(a) by not previously disclosing the individuals to State Farm.[25] Further, because Paulsen failed to

---

[24] Paulsen referenced the following individuals and businesses in his initial disclosures with respect to both properties: (1) Daniel G. Abel, Paulsen's attorney; (2) Alan Korhonen ("Korhonen"), State Farm-hired adjuster; (3) Michael W. Beattie, State Farm-hired adjuster; (4) Chris Schunaner [sic], State Farm-hired adjuster; (5) Ron Cressy; (6) McCarthy Construction; and (7) Carr & Associates. R. Doc. No. 106-4, Paulsen's initial disclosures.

With respect to the Slidell property, Paulsen listed the following as witnesses in response to State Farm's interrogatories requesting the identity of witnesses: (1) Eric Paulsen, plaintiff; (2) Eddie McCarthy, construction and bid; and (3) Dr. Greg Stone, State Farm's expert. R. Doc. No. 71-4, State Farm interrogatories for Slidell property; R. Doc. No. 71-8, Paulsen's responses to interrogatories for Slidell property.

Therefore, with respect to the Slidell property, the witnesses identified for the first time to State Farm on Paulsen's December 10, 2007, are: (1) Charles C. Foti, Jr., Louisiana Attorney General; (2) Robert Rosine, general contractor, siding replacement; (3) Carl N. Finley, fact witness; (4) Shane M. Gates, fact witness; (5) John Madden, painting; (6) Premier Contractors, roofing and siding representative; (7) Advanced Insulation, insulation representative; (8) Joe Cale, tree service; (9) Matthew Seykora, wall repair and cleanup; (10) Clarence Albert, general maintenance; (11) Charles Hackett, counters and kitchen contractor; (12) Benedict Smith, electrical contractor; (13) Amerigas, gravel company representative regarding driveway replacement; (14) Jay Gilley, tree removal; (15) Norton Electric representative; (16) Brinks Alarm System representative; (17) John Schmelling, electrical contractor; (18) Mr. Steffan, air conditioning; (19) Bill Thrasher, water treatment system; (18) NOAA representative; (19) Slidell hospital wind gauge witness; and (20) Slidell airport wind gauge witness. *See* Paulsen's witness list at pp. 1-3.

With respect to the New Orleans property, Paulsen identified the following as potential witnesses when responding to State Farm's interrogatories: (1) Eric A. Paulsen, plaintiff; (2) Eddie McCarthy, construction and bid; (3) Ron Cressy, structural engineer; (4) Michael Entwistle, State Farm's Louisiana Catastrophe Manager; (5) James Danner, State Farm structural engineer; (6) Brent Jones, State Farm adjuster and supervisor; (7) Karl Johnson, State Farm claims supervisor; (8) Curtis Schumacher, State Farm-hired adjuster; and (9) government witness to authenticate government agency hurricane data. R. Doc. No. 71-5, State Farm interrogatories for New Orleans property; R. Doc. No. 71-9, Paulsen's responses to interrogatories for New Orleans property.

Therefore, Paulsen identified for the first time on his New Orleans witness list, which was filed into the record on December 10, 2007: (1) Charles C. Foti, Jr., Louisiana Attorney General; (2) Robert Rosine, general contractor; (3) Shay Albert, general repair; (4) John Madden, painter and finisher; (5) Charles Hackett, counter tops and bath; (6) Keith Ellender, floors; (7) Lightening Services, air conditioning; and (8) Shane M. Gates, fact witness. Paulsen's witness list at pp. 1, 3-4.

[25] Paulsen's timely filing of his witness list does not alleviate his duty to comply with Rules 26(a) and (e). *See Sierra Club, Lone Star Chapter v. Cedar Point Oil Co.*, 73 F.3d 546, 571 (5th Cir. 1996). The purpose of the witness list is to specify which of the previously disclosed individuals will or may be used at trial. If initial disclosures were not required to be supplemented, the parties could wait until the date for filing witness lists, in this case December 10, 2007, to disclose all potential witnesses. The deadline for the completion of discovery was December 24, 2007. If Paulsen's logic was correct, it would be virtually impossible for a party to prepare an

supplement his initial disclosures or interrogatory responses, he violated Rule 26(e).

As noted previously, the witnesses were not disclosed to State Farm until December 10, 2007. Unless such failure is deemed, pursuant to Rule 37, to be harmless or substantially justified, Paulsen is precluded from calling these witnesses. In order to determine whether Paulsen's failure to comply with these discovery rules was harmless or substantially justified, the Court will utilize the four-factor test outlined above.

First, the introduction of the extensive number of newly disclosed witnesses would prejudice State Farm, which will be unable to depose these witnesses and, if necessary, retain its own witnesses to rebut the same. Further, outside of two witnesses, Finley and Gates, which are discussed separately below, Paulsen has failed to inform the Court of the importance of the witnesses to his case or why he failed to previously disclose these individuals.[26] Finally, given Paulsen's inability to provide State Farm with timely and complete discovery in the past, the Court is weary of a continuance's ability to cure the prejudice to State Farm.

With respect to Finley, who is listed as a fact witness for the Slidell property, Paulsen contends that State Farm "has known and interacted with [Finley] since early in the claims process."[27] Further, Paulsen contends that because Finley's affidavit was filed into the record in response to a motion to dismiss on March 19, 2007, State Farm "had to know that Finley would dispute the legitimacy of Danner's inspection."[28] However, it was not until Paulsen submitted

---

opposition or depose any of the newly added witnesses before a discovery deadline passed.

[26] Mem. opp'n.

[27] *Id.* at 3.

[28] *Id.* at 4.

his witness list that State Farm was aware that Finley was going to be a fact witness for Paulsen. The fact that State Farm had Finley's affidavit attached to a motion response does not translate into knowledge that Finley was going to be used as a witness.

Unlike other newly disclosed witnesses, Paulsen has apprised the Court of the substance of Finley's testimony.[29] Finley's testimony appears to question the credibility of the report prepared by State Farm's engineer, James Danner ("Danner").[30] However, the December 24, 2007, discovery deadline has already passed. State Farm has not had the opportunity to depose Finley or to inquire its expert about this new information. Paulsen fails to provide the Court with any information as to why Finley was not previously disclosed to State Farm. *See Heidtman*, 171 F.3d at 1040. Considering Paulsen's prior repetitive failure to comply with discovery rules and Court orders, this Court has little confidence that a continuance would allow matters to properly proceed.

With respect to Gates, Paulsen contends that State Farm knew of and interacted with Gates from the beginning of the claims process.[31] Further, Paulsen claims that State Farm questioned other witnesses about Gates.[32] These contentions do not cure Paulsen's failure to comply with discovery rules. State Farm was unaware that Paulsen was planning on utilizing Gates' testimony as a fact witness at trial until Paulsen filed his witness list. After consideration of the factors used to determine whether this failure was harmless or substantially justified, it

---

[29] *Id.* at 8-9.

[30] *Id.*

[31] Mem. opp'n. at 3.

[32] *Id.* at 4.

appears to the Court that the late admission of Gates' testimony will prejudice State Farm.[33]

Gates, who State Farm has not had the opportunity to depose, has submitted an affidavit that contains some hearsay statements, including statements from other late-identified persons such as Rosine, who are not permitted to testify.[34]  Further, the Court notes that Gates provided a damage description of which State Farm had no prior knowledge.  State Farm should not, at this late date, be required to refute Gates' statements, with listed witnesses or other witnesses not yet identified, especially when it has not had the opportunity to depose Gates.

Paulsen does not advise the Court of the reason for the delay in identifying Gates as a fact witness.  Granting a continuance would reopen a large portion of the case and reward Paulsen's counsel for his neglect.  Furthermore, Paulsen's counsel has not been responsive to previous discovery rules, deadlines, and Court orders.

Accordingly, all witnesses not disclosed to State Farm prior to the filing of Paulsen's witness list are stricken and their testimony is excluded from use in the above-captioned matter. *See Terrance v. Pointe Coupee Parish Police Jury*, 177 Fed. App'x 457, 459 (5th Cir. 2006) (holding that the district court did not abuse its discretion in excluding evidence because the plaintiffs failed to provide a reason for the late disclosure, failed to identify the importance of the testimony, and failed to file an objection to the motion); *Heidtman v. County of El Paso*, 171 F.3d 1038, 1040 (5th Cir. 1999) (holding that the district court did not abuse its discretion in

---

[33] Mem. supp. at 8.

[34] R. Doc. No. 102-4, Gates aff.  For example, Gates states that "Bob Rosine specifically stated that this shoring would preserve the house and that a real shoring would have to be done by firm [sic] with large equipment." *Id.* ¶ 20; *see also id.* ¶ 22 ("Each of the companies that gave me verbal bids for Mr. Paulsen, estimated cost to actually shore the dwelling to be in the range of $30,000.").

excluding evidence because the plaintiffs provided no explanation for their delay).[35]

B.    *Documents Not Previously Disclosed to State Farm*

State Farm argues that all exhibits identified in Paulsen's exhibit list that have not been previously disclosed and produced should be stricken from his exhibit list and excluded from use in this matter.[36] Paulsen contends that because he filed his exhibit list on the date required by the Court's scheduling order, State Farm cannot complain.[37] Paulsen also argues that because he submitted disks of information to State Farm on January 11, 2008, in compliance with Magistrate Judge Shushan's second order to compel, State Farm cannot argue that he should have complied sooner.[38]

Paulsen's compliance with the Court's exhibit list deadline and with an order following a motion to compel does not excuse his previous failure to identify documents pursuant to Rule 26's initial and supplemental disclosure requirements. *See Sierra Club, Lone Star Chapter v. Cedar Point Oil Co.*, 73 F.3d 546, 571 (5th Cir. 1996). An exhibit list is not filed until shortly before the pretrial conference and trial dates, and its purpose is to identify which of the documents previously disclosed are potentially going to be used at trial. The exhibit list is not to

---

[35] Further, this result is justified because Paulsen's failure to comply with Rule 26(a) is a violation of the Court's scheduling order. The scheduling order required that initial disclosures be made no later than May 31, 2007. Therefore, the individuals likely to have had discoverable information should have been identified at that time. Paulsen's failure to comply with the Court's scheduling order is a violation of Rule 16(f) for which sanctions may be imposed utilizing the same analysis as Rule 37, discussed above.

[36] Mem. supp. at 5, 13. The only documents produced to State Farm before January 11, 2008, were those attached to his initial disclosures and those attached to Paulsen's deposition. Mem. supp. at 5.

[37] Mem. opp'n at 9.

[38] *Id.*

be used as a vehicle to describe, just prior to the discovery deadline, a host of documents that have not, in violation of the Federal Rules, been previously disclosed.[39]

The Court must determine whether Paulsen's failure to comply with the Rules 26(a) and (e) is harmless or substantially justified. Paulsen provides the Court with no information as to the importance of the documents at issue to his case or why he failed to comply with the Federal Rules. The prejudice to State Farm resulting from the late disclosure of documents is significant. State Farm should not, at this late date, be required to verify all of the late-provided information and martial opposition evidence of its own. Granting a continuance to cure the prejudice to State Farm would allow a significant portion of the case to be reopened and sanction the neglectful behavior of Paulsen's counsel. Paulsen's counsel previously disregarded Court orders and discovery deadlines, and the Court has, as stated previously, little confidence that the case would properly proceed.

Because the Court finds that Paulsen's failure to comply with Rules 26(a) and (e) and 16(b) was not harmless or substantially justified, the documents not specifically previously identified and produced are stricken from the exhibit list and excluded from use in this case.[40] The only documents that Paulsen may use as exhibits in his case are, therefore, those specifically identified by him in his initial disclosures, those attached to Paulsen's deposition, and the State Farm-produced documents. The Court strikes all of Paulsen's exhibits from his December 10, 2007, exhibit list that were not previously disclosed to State Farm.

---

[39] Further, with respect to the late-disclosed repair documents, receipts, bids, and estimates, the Court specifically ordered Paulsen to produce those documents no later than June 26, 2007. Any documents regarding damages that were not produced by that date were in violation of a pretrial order of this Court.

[40] The Court notes that the decision not to strike and exclude certain exhibits does not imply that the documents are not subject to the strictures of the *Federal Rules of Evidence*.

Accordingly,

**IT IS ORDERED** that defendant's motion to strike witnesses and exhibits[41] is, as set forth in this opinion, **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's witnesses not disclosed to defendant prior to December 10, 2007,[42] are, as set forth in this opinion, **STRICKEN** from plaintiff's witness list and their testimony is **EXCLUDED** from use at trial.

**IT IS FURTHER ORDERED** that all documents not disclosed and produced to defendant prior to the filing of plaintiff's exhibit list on December 10, 2007, are, as set forth in this opinion, **STRICKEN** from the exhibit list and may not be used at trial.

**IT IS FURTHER ORDERED** that defendant's motion for attorney's fees and costs[43] is **DENIED**.[44]

New Orleans, Louisiana, February 14, 2008.

*[signature]*

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[41] R. Doc. No. 106.

[42] December 10, 2007, is the date that Paulsen filed his witness list into the record.

[43] *Id.*

[44] The Court may, in its discretion, "order payment of the reasonable expenses, including attorney's fees, caused by the failure" of a party to disclose information. Fed. R. Civ. P. 37(c)(1)(A).